**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                    **Civil No. 3:14cv248-HSO**
                                  **Criminal No. 3:12cr91-HSO-RHW**

**JAMES A. HENNIS**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the Motion [62] of Defendant James A. Hennis

["Defendant" or "Hennis"] to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody, pursuant to 28 U.S.C. § 2255.  This Motion is now fully briefed.

Hennis seeks an evidentiary hearing and asks the Court to vacate his plea and

sentence and remand the case for a new plea.  Def.'s Mem. [63] at 14.  After due

consideration of the issues presented, the record, and the relevant legal authorities,

the Court is of the opinion that the Motion should be denied.

### I.  FACTS AND PROCEDURAL HISTORY

On July 25, 2012, a grand jury returned a two-count Indictment [1] against

Hennis on two separate charges of

> knowingly fil[ing] and attempt[ing] to file in a public record a false lien
> and encumbrance against the real and personal property of a Federal
> District Court Judge for the Southern District of Mississippi, on account
> of the performance of official duties by that individual knowing and
> having reason to know that such lien and encumbrance was false and
> contained materially false, fictitious and fraudulent statements and
> representations, in violation of Sections 1521 and 2, Title 18, United
> States Code.

Indictment [1] at 1-2.  Count 1 related to actions taken on or about November 2, 2010, while Count 2 involved actions taken on or about November 12, 2010.

A jury trial commenced in this matter on September 10, 2012, at which Hennis was represented by counsel.  On September 12, 2012, the third day of trial, Hennis entered an open plea of guilty to both Counts 1 and 2 of the Indictment, without the benefit of a plea agreement.  On November 2, 2012, this Court sentenced Hennis to a term of 41 months imprisonment in the custody of the United States Bureau of Prisons as to each count, with both terms to run concurrently, followed by a 3 year term of supervised release as to each count, to run concurrently.  J. [45] at 1-6.  The Court also assessed Hennis a $10,000.00 fine.  *Id.* After sentencing, Hennis' attorneys were permitted to withdraw as counsel of record.  *See* Nov. 2, 2012, Text Order.  The Judgment [45] was entered on November 6, 2012.  J. [45] at 1.  At Hennis' direction, the Court filed a Notice of Appeal [46] from the Final Judgment the same date.  Notice [46] at 1.  The United States Court of Appeals for the Fifth Circuit dismissed the appeal as of December 21, 2012, for want of prosecution.  Mandate [50] at 1.

On March 24, 2014, Hennis filed the present Motion to Vacate pursuant to 28 U.S.C. § 2255.  The Motion seeks an evidentiary hearing and advances the following grounds upon which Hennis claims his plea and sentence should be vacated:  (1) that counsel was ineffective in various respects; (2) that the Court failed to satisfy its obligations under Federal Rule of Criminal Procedure 11(b)(1)(G), (H), and (K), 11(b)(2), and 11(b)(3); and (3) that Hennis suffered due process violations "affecting

the overall fairness of the trial." Mot. [62] at 4-7; *see also* Mem. [63] at 2-14.

## II.  DISCUSSION

A.   Legal Standard

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *see also United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992).  "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'"  *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)).

Upon a conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32.  Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice.  *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

Hennis contends he received ineffective assistance of counsel.  Claims of ineffective assistance of counsel may generally be heard by way of a § 2255 motion.

*United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).  To demonstrate
ineffective assistance of counsel, Hennis must show (1) that counsel's
representation fell below an objective standard of reasonableness, and (2) that
counsel's ineffective assistance was prejudicial.  *Strickland v. Washington*, 466 U.S.
668, 687-88 (1984).  "Failure to establish either prong defeats the claim." *Tucker v.
Johnson*, 115 F.3d 276, 280 (5th Cir. 1997).  However, "mere conclusory allegations
in support of a claim of ineffective assistance of counsel are insufficient to raise a
constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042–43 (5th Cir. 1998).

When considering whether counsel provided ineffective assistance, the Court
must presume that "counsel's conduct f[ell] within the wide range of reasonable
professional assistance . . . ," and a defendant must overcome that presumption.
*Strickland*, 466 U.S. at 689.  In the plea context, the "prejudice" prong of the
*Strickland* test for ineffective assistance of counsel requires that the defendant
show "that there is a reasonable probability that but for counsel's errors, he would
not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*,
474 U.S. 52, 59 (1985).

Hennis also charges that he was induced to plead guilty such that his guilty
plea was not knowing and voluntary.[1]  Hennis essentially argues that he was
"deceived, misled, or tricked into plead[ing] guilty" meaning that his "plea is

---

[1]Because the Government did not raise the procedural default rule in opposition to
Hennis' § 2255 Motion, and because Hennis has not been given a reasonable opportunity to
argue against application of the bar, the Court will not consider *sua sponte* whether there
has been a procedural default.  *See United States v. Willis*, 273 F.3d 592, 597 (5th Cir.
2001).

invalid." Mem. [63] at 11 (citing *Smith v. O'Grady*, 312 U.S. 329 (1941); *Walker v. Johnston*, 312 U.S. 275 (1941)).

"The validity of a guilty plea is a question of law . . . ." *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997)). "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citation omitted). Therefore, "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Hernandez*, 234 F.3d at 255 (quoting *Montoya v. Johnson* 226 F.3d 399, 404 (5th Cir. 2000)).

Whether a guilty plea is knowing turns on whether the defendant understands the direct consequences of his plea including the maximum possible penalty, while voluntariness of a plea depends on whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises. *Id.* at 255 & n.3. "[A] plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, misrepresentation, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." *Bousley*, 523 U.S. at 619 (quotation omitted). "To constitute an intelligent act, it must be done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (quotation omitted). The United States Supreme Court has "long held that a plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of

the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quotation omitted).

B.    Analysis

1.    Hennis' Claims of Ineffective Assistance of Counsel

a.    Counsel's Purported Ignorance of Applicable Laws and Failure to Challenge the Constitutionality of the Applicable Law

Hennis asserts that his counsel was deficient in demonstrating competent knowledge of the offense charged under 18 U.S.C. § 1521 or how to provide Hennis an effective, meaningful defense.  Mem. [63] at 2-3.  According to Hennis, his counsel's

> failure to advocate any mitigating evidence, or challenge the Constitutionality of the Statutes [sic] application, fails to meet sixth amendment requirement for effective counsel and more probably resulted in the conviction of an innocent man, Schlupu [sic] v. Delo, 513 U.S. 298, 130 L ed. 208 [sic],[2] undermining the reliability of the outcome, Strickland v. Washington, 466 U.S. 668, 80 L.ed 674 [sic] (1984 U.S.). [sic]

*Id.* at 3.

> Hennis also argues that his

> counsel's representation was incompetent to address the unconstitutional application of a newly enacted Statute in a manner not intended by Congress.  The Statute's legislative history explains that it is intended to penalize individuals who seek to intimidate and harass federal judges by filing <u>false claims</u>.  The question of law includes not only statutory interpretation, but also the application of law to undisputed facts.

*Id.* at 4.  Hennis essentially blames the United States District Judge against whom he filed the liens or encumbrances for refusing to recuse from a related civil case

---

[2]*See Schlup v. Delo*, 513 U.S. 298 (1995).

Hennis brought in this Court over which the District Judge presided, and Hennis contends that this information would have been a defense to his criminal charges. *Id.* at 4-6.  Hennis argues that he "filed a legitimate claim to recover, personal property, and possessions that he believed to be the legal course of action" because of the District Judge's refusal to recuse from Hennis' civil case, *id.* at 7, and that "18 U.S.C. § 1521 as intended by Congress is not a bullet proof vest to protect against civil liabilities for improper conduct, it was intended to protect against harassment, that is purposed to obstruct justice . . .," *id.* at 6.[3]

Hennis' claims against trial counsel regarding their competency or ability to provide Hennis an effective, meaningful defense are conclusory and lack evidentiary references or support.  Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient.  *Green*, 160 F.3d at 1042–43.  Moreover, Hennis relies upon an unmeritorious defense to the criminal charges which would not negate the essential elements of 18 U.S.C. § 1521.  As Hennis acknowledged at the time of his guilty plea, Hennis pled guilty of his own free will because he was in fact guilty of the crimes charged.  Plea Tr. [77-1] at 47-48.

---

[3]Hennis also refers to statements made by the District Judge in "open court."  *Id.* at 7. These statements were not made by the District Judge when he testified in Hennis' criminal trial.  Instead, Hennis refers to excerpts from a Memorandum Opinion and Order [275] that the District Judge entered in Hennis' civil case, 2:10cv20-HSO-MTP (S.D. Miss.), on December 21, 2010, which resolved certain motions that Hennis and his wife had filed in that proceeding.  The statements are completely unrelated to the liens or encumbrances Hennis filed or attempted to file against the District Judge.  Hennis' argument that based upon these statements by the District Judge, "[t]he judge obviously did not feel Hennis' action was threatening or harassing . . .," is therefore unavailing. Mem. [63] at 7-8.

Hennis has failed to demonstrate either that counsel's representation fell below an objective standard of reasonableness, or that counsel's ineffective assistance was prejudicial.  *See Strickland*, 466 U.S. at 687-88.

        b.    <u>Counsel's Purported Failure to Sustain a Defense Resulted in the Breakdown of the Adversarial Process and to Investigate Witnesses and Evidence that the Prosecutor Would Likely Use Against Hennis</u>

Hennis also contends that "mitigating evidence was improperly, rather than strategically, withheld by counsel."  Mem. [63] at 3.  According to Hennis, "[c]ounsel failed to subject the Prosecution's case to meaningful adversarial testing at critical stages in the trial, thus constructively denying Movant's right to effective assistance of counsel . . . ."  *Id.* (citing *Strickland*, 466 U.S. at 686).  Hennis faults his counsel for their "failure to vigorously cross examine prosecution's witness," the victim District Judge, regarding the basis of Hennis' request that the Judge recuse in the civil matter.  *Id.* at 13.  Hennis maintains that "[i]f not for counsel's egregious errors it is doubtful the Movant would have considered the Plea Agrement [sic] . . . ."  *Id.* at 4 (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)).

A defendant must rely on more than bare allegations to support a claim of ineffective assistance.  *United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014).  When a defendant claims that counsel should have interviewed or produced a witness, the defendant must show that the witness's testimony, if offered, would have been exculpatory.  *Id.*  If a defendant makes a failure to investigate claim, the defendant "must allege with specificity what the investigation would have revealed

and how it would have benefitted him." *United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

Hennis' vague allegations regarding mitigating evidence and subjecting the prosecution's case to meaningful adversarial testing are insufficient to support his claims. Moreover, Hennis' contention that his counsel should have vigorously cross-examined the District Judge regarding Hennis' request for the Judge to recuse in his civil matter would have made no difference in the criminal trial. Even if Hennis could have shown with further cross-examination that the District Judge should have recused himself from the civil case, which is doubtful, this would not have changed the fact that the liens or encumbrances Hennis filed against the District Judge remained false, and the actions that Hennis took would nevertheless be unlawful. Hennis' post hoc legal conclusions regarding a litigant's legal rights upon a judge's alleged violation of the Code of Conduct for United States Judges or 28 U.S.C. § 455(a) are baseless and misinformed at best. Hennis has failed to demonstrate either prong of the *Strickland* analysis on this point. *See Strickland*, 466 U.S. at 687-88.

        c.    <u>Alleged Breakdown in Communications and Counsel's Purported Abandonment of Acting as Advocate for Hennis</u>

Hennis asserts that, even though the Government had purportedly originally tendered him a plea offer of 12 to 18 months probation with no fines, counsel "persuaded the Defendant to go to trial without preparing an effective argument to sustain a Defense." Mem. [63] at 13 (citing *Wiggins v. Smith*, 539 U.S. 510 (2003)). Hennis maintains that he was advised to proceed to trial by counsel and that

counsel then abandoned him at trial.  *Id.*  (citing *United States v. Leonti*, 326 F.3d 1111, 1116-17 (9th Cir. 2003)).  Hennis asserts that his "counsel abandoned his role as advocate for the Defendant on the third day of trial, resulting in the total breakdown of the adversarial process . . . ."  Mem. [63] at 3 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011)).

"[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*."  *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012); *see also Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).  The Supreme Court has held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  *Frye*, 132 S. Ct. at 1408.  Hennis' Motion makes clear that the details of the alleged original plea offer were conveyed to Hennis.  Counsel was not deficient in this regard.  Hennis instead appears to complain that counsel advised him against accepting the offer.

The Supreme Court has explained that

[t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel.  Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.  To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id.* at 1409.

-10-

In this case, Hennis claims that the Government originally offered him a plea bargain of 12 to 18 months probation with no fines.  Mem. [63] at 13.  Assuming for the sake of argument that such an offer was ever made, it is unclear exactly when this offer occurred, although Hennis contends that it was made sometime before the jury trial commenced.  However, Hennis has not alleged or demonstrated that, had adequate advice and assistance be given, he would have elected to plead guilty at that time rather than proceed to trial as he did.  Hennis instead complains that counsel induced him to take the plea on the third day of trial by assuring him that the plea would result in probation.  *Id.* at 8 ("If not for counsel's assurance an open plea would result in probation, I would have insisted on a jury trial").

In his Affidavit, Hennis avers that when he first met with his trial attorneys in July 2012, he "and his wife spent several hours on this visit discussing this matter and <u>explicitly</u> made it known to all concerned that Affiant was not willing to accept a Plea Bargain in this matter because of Affiant's innocence."  Aff. of James Allan Hennis [86-1] at 1 (emphasis in original).  Because Hennis has not alleged or demonstrated that he would have accepted the original plea bargain if adequate advice and assistance had been given by his counsel, Hennis suffered no prejudice related to the original plea offer, and his ineffective assistance claim on this basis should be denied.  *See Hill*, 474 U.S. at 60.  Hennis' conclusory allegations in support of this claim of ineffective assistance of counsel with respect to a purported breakdown in communications and abandonment at trial are insufficient to raise a constitutional issue.  *See Green*, 160 F.3d at 1042-43.

-11-

d.   Counsel's Purported Failure to Advise Hennis of Consequences
of His Plea or the Maximum Sentence He Was Facing

Hennis' claim that counsel failed to advise him of the consequences of his
plea or the maximum sentence he was facing is likewise unavailing.  The Fifth
Circuit has held that the Constitution only requires that the defendant know his
"maximum prison term and fine for the offense charged."  *Guerra*, 94 F.3d at 995
(quotation omitted).  "As long as the defendant understood the length of the time he
might possibly receive, he was fully aware of his plea's consequences."  *United
States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990).

In *Pearson*, the defendant claimed that his guilty plea was involuntary
because his decision to enter it was based on the expectation that he would not be
sentenced as a career offender.  *Id.* at 222.  Because the court in that case informed
the defendant prior to accepting his guilty plea that he faced a maximum prison
term of 20 years, which turned out to be the sentenced imposed, the Fifth Circuit
held that the defendant's plea was voluntary and the strictures of the Due Process
Clause were satisfied.  *Id.* at 223.

Regardless of whether counsel advised Hennis of his true sentencing
exposure, the record is beyond dispute that Hennis was informed by the Court of
the consequences of his plea and that he faced a potential maximum sentence of 10
years imprisonment as to each count at the time he entered his guilty plea.  Plea Tr.
[77-1] at 48-50; *see also Pearson*, 910 F.2d at 223; *United States v. Valdez*, 578 F.
App'x 366, 367 (5th Cir. 2014).  Hennis had the opportunity to consult with counsel
regarding any questions he had about the consequences of his plea and represented

-12-

to the Court under oath that he had asked his counsel any and all questions he had regarding the possible consequences. Plea Tr. [77-1] at 50. In sum, Hennis was advised of and understood the consequences of pleading guilty. *See id.*; *see also Valdez*, 578 F. App'x at 367 (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)).

Hennis also alleges in his unsworn Memorandum [63], but not in his sworn Motion [62], that "[i]f not for counsel's assurance an open plea would result in probation, I would have insisted on a jury trial." Mem. [63] at 8 (*Yordan v. Dugger*, 909 F.2d 474 (11th Cir. 1990)). Hennis maintains that

> [c]ounsel misinformed Hennis of the possibilities of actual incarceration resulting from the open plea of guilty. Counsel's ineffective assistance resulted in a longer term of incarceration, causing prejudice.

*Id.* (citing *Glover v. United States*, 531 U.S. 198 (2001)). According to Hennis, his counsel advised him to plead guilty in order to not "bind the court to a specific sentence that would rule out probation." *Id.* In an Affidavit signed by Hennis on November 7, 2014, Hennis represents that his counsel and the Assistant United States Attorney "assured [Hennis] during the Open Plea Bargain negotiations that [Hennis] would not be looking at any jail time and if anything 12-18 months probation because of [Hennis'] cooperation and the 5K Motion that [the Government] was offering." Aff. of James Allan Hennis [86-1] at 3. According to Hennis, "[c]ounsel induced the plea by a combination of false promises and the Defendant's ignorance of judicial procedures." Mem. [63] at 10 (citing *United States v. Vonn*, 535 U.S. 55 (2002)).

-13-

The Fifth Circuit has explained that

> a defendant may seek habeas relief on the basis of alleged promises,
> though inconsistent with representations she made in open court when
> entering her guilty plea, by proving (1) the exact terms of the alleged
> promise, (2) exactly when, where, and by whom the promise was made,
> and (3) the precise identity of an eyewitness to the promise. *See*
> [*Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)] (citations
> omitted). If the defendant produces independent indicia of the likely
> merit of her allegations, typically in the form of one or more affidavits
> from reliable third parties, she is entitled to an evidentiary hearing on
> the issue. *See id.* If, however, the defendant's showing is inconsistent
> with the bulk of her conduct or otherwise fails to meet her burden of proof
> in the light of other evidence in the record, an evidentiary hearing is
> unnecessary. *See United States v. Smith*, 844 F.2d 203, 208 (5th Cir.
> 1988) (per curiam); *United States v. Raetzsch*, 781 F.2d 1149, 1152 (5th
> Cir. 1986).

*United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Hennis has not produced any affidavits from third party witnesses, and his assertions in his § 2255 Motion and related documents are belied by his statements under oath during the guilty plea colloquy. A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Soliz*, 359 F. App'x 466, 470 (5th Cir. 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Hennis testified under oath at his change of plea hearing, after the time when these supposed promises were made, that no one had made any promises or assurances of any kind to him in an effort to induce him to plead guilty. Plea Tr. [77-1] at 47. Hennis further swore that no one had attempted in any way to force him, coerce him, or threaten him to plead guilty. *Id.* Rather, Hennis admitted that he was pleading guilty of his own free will because he was in fact guilty. *Id.* Hennis' own sworn statements clearly refute his contention that counsel made

-14-

promises or assurances to him regarding his sentence or coerced or induced him to plead guilty.  Hennis' arguments on this point are wholly without merit.  *See Cervantes*, 132 F.3d at 1111; *Soliz*, 359 F. App'x at 471.

> e.    Counsel's Purported Failure to Request a § 6A1.3 Hearing on Disputed Facts in the Presentence Report

Hennis claims that his counsel "failed to request § 6A1.3 hearing on disputed facts of P.S.R." Mot. [62] at 4.  United States Sentencing Guideline § 6A1.3 provides:

> (a)    When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor.  In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

> (b)    The court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(i), Fed. R. Crim. P.

U.S.S.G. § 6A1.3 (2004).

After receiving Hennis' objections to the Presentence Report which were prepared and submitted by Hennis' trial counsel, the Court conducted a hearing in accordance with United States Sentencing Guideline § 6A1.3 and Federal Rule of Criminal Procedure 32(i).  Even if counsel's performance was somehow deficient in failing to specifically request such a hearing, Hennis suffered no prejudice in the *Strickland* sense.  The result of Hennis' sentencing would not have changed, and this ineffective assistance claim is without merit.

f.   Counsel's Purported Failure to Object to Duplicity of Counts in the Indictment

Hennis claims that his "counsel allowed duplicity of counts on the indictment" which he claims resulted in additional fines being imposed upon him. Mem. [63] at 12 (citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986)).  Hennis faults counsel for not challenging the "defective indictment" or "mov[ing] for a mistral on the double jeopardy clause . . . ." *Id.* at 12-13 (citing *Lee v. United States*, 432 U.S. 23 (1977); *United States v. DiSilvio*, 520 F.2d 247 (3rd Cir. 1975)).

In a duplicity inquiry, the focus "is whether distinct and separate 'offenses' are alleged in one count." *United States v. Correa-Ventura*, 6 F.3d 1070, 1081 n.18 (5th Cir. 1993) (citation omitted).  Because Hennis appears to argue instead that one offense was charged in two separate counts, Hennis' duplicity theory fails, and the Court instead considers whether the Indictment was multiplicitous.

"An indictment is multiplicitous if it charges a single offense in separate counts." *United States v. Woerner*, 709 F.3d 527, 538 (5th Cir. 2013) (citation omitted).  "A challenge to multiplicity invokes the Double Jeopardy Clause, which protects against multiple punishments for the same offense, where Congress has not authorized cumulative punishment for one offense." *United States v. Ogba*, 526 F.3d 214, 232-33 (5th Cir. 2008) (quotation omitted).  When a defendant argues that charges for multiple violations of the same statute are predicated on arguably the same criminal conduct, the Court "inquires whether separate and distinct prohibited acts, made punishable by law, have been committed." *Woerner*, 709 F.3d at 539 (quotation omitted).

-16-

> That test has two steps.  First, we look to the statute charged to ascertain the "allowable unit of prosecution," or the *actus reus* of the crime.  *United States v. Reedy*, 304 F.3d 358, 365 (5th Cir. 2002).  "Congress's intent is paramount on this point:  the legislature may castigate a particular act by exposing the actor to several prosecutions and punishments, or it may specify that the act should only be subject to a single unit of prosecution." [*United States v. Chiaradio*, 684 F.3d 265, 272 (1st Cir. 2012)].  Second, we review the evidence to see how many distinct criminal acts the defendant committed.  *United States v. Buchanan*, 485 F.3d 274, 282 (5th Cir. 2007).

*Id.* at 539-40.

18 U.S.C. § 1521 makes it a crime to file, attempt to file, or conspire to file in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of a federal officer or employee on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation.  18 U.S.C. § 1521.  The Indictment in this case and the evidence presented at trial and proffered by the Government at Hennis' change of plea hearing indicate that the two counts of the Indictment related to two liens or encumbrances Hennis filed or attempted to file on two different dates.  Indictment [1] at 1-2; Plea Tr. [77-1] at 58-62.  These actions constitute two distinct criminal acts under § 1521 and were properly chargeable in two separate counts of the Indictment.  *See Woerner*, 709 F.3d at 539-40.  Because Hennis' Indictment was not multiplicitous, Hennis did not suffer any prejudice under *Strickland* as the result of the alleged ineffective assistance of counsel in failing to object or move for a mistrial based on multiplicity.

-17-

2.      Hennis' Claim That the Court Failed to Comply with Rule 11 of the
         Federal Rules of Criminal Procedure

Hennis argues that the Court committed plain error by not advising Hennis

sufficiently pursuant to Federal Rule of Criminal Procedure 11(b)(1)(G), (H), and

(K), 11(b)(2), and 11(b)(3) before the Court accepted Hennis' guilty plea.  Mem. [63]

at 8-10.  Rule 11 reads in relevant part as follows:

> (b)      Considering and Accepting a Guilty or Nolo Contendere Plea.
>       (1)      Advising and Questioning the Defendant. Before the court
>                accepts a plea of guilty or nolo contendere, the defendant
>                may be placed under oath, and the court must address the
>                defendant personally in open court. During this address, the
>                court must inform the defendant of, and determine that the
>                defendant understands, the following:
>                                         *   *   *
>                (G)      the nature of each charge to which the defendant is
>                         pleading;
>                (H)      any    maximum     possible    penalty, including
>                         imprisonment, fine, and term of supervised release;
>                                         *   *   *
>                (K)      the court's authority to order restitution;
>                                         *   *   *
>       (2)      Ensuring That a Plea Is Voluntary.  Before accepting a plea
>                of guilty or nolo contendere, the court must address the
>                defendant personally in open court and determine that the
>                plea is voluntary and did not result from force, threats, or
>                promises (other than promises in a plea agreement).
>       (3)      Determining the Factual Basis for a Plea.  Before entering
>                judgment on a guilty plea, the court must determine that
>                there is a factual basis for the plea.

Fed. R. Crim. P. 11(b)(1)(G), (H), and (K), 11(b)(2), and 11(b)(3).

The Supreme Court has held that "a defendant cannot overturn a guilty plea

on collateral review absent a showing that the Rule 11 proceeding was 'inconsistent

with the rudimentary demands of fair procedure' or constituted a 'complete

miscarriage of justice.'" *United States v. Vonn*, 535 U.S. 55, 64 (2002) (quoting

*United States v. Timmreck*, 441 U.S. 780, 783 (1979)).  Hennis has not made such a showing here.  As stated below, the Court's procedure complied with Rule 11, and Hennis' plea hearing was not inconsistent with fair procedure and did not constitute a complete miscarriage of justice.  *See id.*

        a.    <u>Rule 11(b)(1)(G), (H), and (K)</u>

Hennis contends that the Court failed to "inquire into his understanding that the nature of the charges against him . . . ."  Mem. [63] at 8.  Hennis argues that the Court failed to inform him that "he could be fined or <u>imprisoned for 10 years or both</u>."  *Id.* at 9 (emphasis in original).  Hennis maintains that "[t]here's a reasonable probability that, but for the error he would not have entered into the plea agreement."  *Id.* at 9 (emphasis in original) (citing *United States v. Dominguez Benitez*, 542 U.S. 74 (2004)).  Hennis argues that his plea was therefore invalid.  *Id.*

The record reflects that the Court informed Hennis of the nature of each charge to which Hennis was pleading and the essential elements of those charges.  Plea Tr. [77-1] at 54-58.  Hennis agreed under oath that he understood the charges against him in the Indictment and their essential elements.  *Id.*  During the plea hearing, the Court also informed Hennis that, as to each charge contained in the Indictment, he faced a potential maximum sentence of 10 years imprisonment, a fine of up to $250,000.00, and a term of supervised release of not more than three years.  *Id.* at 48-49.  Hennis stated under oath that he understood all of these things.  *Id.*  The Court also explained to Hennis its authority to order restitution to any victim of the offense, although restitution was ultimately not ordered in this

case, and Hennis acknowledged that he understood this possibility.  *Id.* at 49-50; *see also* J. [45] at 5 (ordering no restitution).  Based upon his sworn responses, the Court concluded that Hennis was aware of the nature of the charges against him and the consequences of his plea.  Plea Tr. [77-1] at 63.  In sum, despite Hennis' allegations to the contrary, the Court complied with all requirements of Rule 11(b)(1)(G), (H), and (K), and Hennis' plea was knowing and voluntary.

> b.   Rule 11(b)(2)

Hennis complains that "[t]he District Court's 11(b)(2) inquiry did not question why the Defendant changed his plea."  Mem. [63] at 10 (citing *Boykins v. Alabama*, 395 U.S. 238 (1969)).  According to Hennis, "[t]he Court failed to inquire . . . if the plea was free of coercion."  *Id.* (citing *United States v. Moriarty*, 429 F.3d 1012 (11th Cir. 2005)).

At the plea hearing, the Court asked Hennis whether anyone had made any promises or assurances of any kind to him in an effort to induce him to plead guilty.  Under oath, Hennis responded in the negative.  Plea Tr. [77-1] at 47.  The Court also queried Hennis on whether anyone had attempted in any way to force, coerce, or threaten him to plead guilty, and again, Hennis responded in the negative.  *Id.*  When asked if he was pleading guilty of his own free will because he was in fact guilty, Hennis responded "[y]es, sir."  *Id.* at 47-48.  After observing Hennis' demeanor and considering his responses, the Court determined that the plea was knowing and voluntary.  *Id.* at 63.  The Court complied with Rule 11(b)(2).

c.      Rule 11(b)(3)

Hennis contends that the Court's failure to address him personally and

"inquire into his understanding that the nature of the charges against him,

required proof of his intent to retaliate, with knowledge of the falsity of his claim,

constitutes a Rule 11 plain error."  Mem. [63] at 8-9 (citing *McCarthy v. United*

*States*, 394 U.S. 459, 466 (1969)).  Hennis maintains that he "believed that he was

following a Legal Administrative Remedy, and had no criminal intent to obstruct

Justice or Retaliate against government officials."  *Id.* at 9.  Hennis argues that

"[t]he government failed to prove that the Defendant's conduct constituted a

sufficient factual basis to support his guilty plea."  *Id.* (citing *United States v.*

*Garcia-Paulin*, 627 F.3d 127 (5th Cir. 2010)).  According to Hennis,

> [t]he District Court committed the Rule 11(b)(3) error by not determining
> (1) The Defendant understood, he was being charged under Chapter 73,
> Obstruction of Justice.  (2) That the conduct required to be convicted of
> this offense was: (a) File a <u>false lien</u> or encumbrance.  (b) In retaliation
> on account of the government official's performance of his duty.  (c)
> Knowing such lien or encumbrance was false or contained materially
> false, fictitious, or fraudulent statement(s) . . . .  There's a reasonable
> probability that, but for the error he would not have entered into the plea
> agreement.

*Id.* at 9 (emphasis in original) (citing *United States v. Dominguez Benitez*, 542 U.S.
74 (2004)).

"The factual basis for a guilty plea must be in the record and sufficiently

specific to allow the court to determine whether the defendant's conduct is within

the ambit of the statute's prohibitions."  *United States v. Broussard*, 669 F.3d 537,

546 (5th Cir. 2012) (quotation omitted)).  The Fifth Circuit has held that "the

district court must compare: (1) the conduct to which the defendant admits; and (2)

the elements of the offense charged in the indictment." *Id.* (citation omitted).

Hennis pleaded guilty to two counts of violating 18 U.S.C. § 1521.  This statute reads as follows:

> Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both.

18 U.S.C. § 1521.  Section 1114 protects, in relevant part,

> any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed service) while such officer or employee is engaged in or on account of the performance of official duties . . . .

18 U.S.C. § 1114.  This definition would include the District Judge in Hennis' civil case, against whom Hennis filed or attempted to file the liens or encumbrances at issue in Counts 1 and 2 of the Indictment.

The Government proffered at Hennis' change of plea hearing those specific facts it would be prepared to show if the trial had proceeded.  Plea Tr. [77-1] at 58-62.  Hennis acknowledged that he heard and understood everything the attorney for the Government said in the proffer.  *Id.* at 62-63.  Hennis agreed with the facts contained in the proffer and acknowledged that the factual summary offered by the Government was in fact what happened.  *Id.* at 63.  Having reviewed the proffer, the facts contained therein satisfy each of the essential elements of the crimes charged in Counts 1 and 2 of the Indictment.  *See* 18 U.S.C. § 1521; Indictment [1]

at 1-2; Plea Tr. [77-1] at 63.  The Court properly determined that there was a factual basis to support the plea in accordance with Rule 11(b)(3), and Hennis' guilty plea to Counts 1 and 2 was knowing and voluntary.

3. <u>Purported Constitutional Violations Affecting the Overall Fairness of the Trial</u>

In ground three of his § 2255 Motion, Hennis simply states, "Due process violations Fifth and Sixth Amendments affecting the overall fairness of the trial." Mot. [62] at 7.  In his Memorandum, Hennis asserts that the cumulative effect of his counsel's errors had a "devastating impact on the Defense" and "resulted in a longer term of incarceration . . . ."  Mem. [63] at 13-14.

"Under the cumulative error doctrine, relief may be obtained only when constitutional errors so fatally infect the trial that they violate the trial's fundamental fairness." *United States v. Fields*, 761 F.3d 443, 483 (2014) (quotation omitted).  "Where the district court does not commit an error, there can be no cumulative error." *Id.*

In this case, the Court committed no error.  Nor has Hennis demonstrated deficient performance by his counsel or "any constitutional error or any cumulative errors approaching constitutional dimension." *United States v. Bernard*, 762 F.3d 467, 482 (5th Cir. 2014).  The requirements of due process were satisfied.  The Court complied with all requirements of Rule 11, and Hennis made a knowing and voluntary plea while represented by competent counsel.  Based on all of the foregoing, the Court concludes that Hennis has not demonstrated a violation of either the Fifth or Sixth Amendments.

4.    <u>Hennis' Request for an Evidentiary Hearing</u>

Hennis has requested an evidentiary hearing on his § 2255 Motion.  Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ["Section 2255 Rules"] provides that, "[i]f a petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Section 2255 Rule 8(a).

The Court must first consider whether the applicant has presented "independent indicia of likely merit of [his] allegations."  *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008) (quoting *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)).  "Once such independent evidence is presented, '[a] motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'"  *Id.* (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)).

Hennis has not presented independent indicia of the likely merit of his allegations.  Even if he had, the record here conclusively shows that Hennis is not entitled to relief.  Even considering the evidence Hennis seeks to adduce at an evidentiary hearing, Hennis has not shown the "likely merit" of his allegations.  *See id.*  It is not possible for Hennis to demonstrate "prejudice" in the *Strickland* sense, in that he cannot establish a reasonable probability that, but for counsel's unprofessional errors, the result here would have been any different.  *Strickland*, 466 U.S. at 694.  Accordingly, the Court need not conduct an evidentiary hearing

-24-

before dismissing Hennis' § 2255 application, and Hennis' request for a hearing will be denied.

### III.  CONCLUSION

For the reasons stated herein, Hennis was advised by competent counsel, and his guilty plea was knowing and voluntary.  Because the Motion and the files and records conclusively show that Hennis is entitled to no relief, the Court finds that Hennis' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [62] of Defendant James A. Hennis to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 20th day of January, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE